IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SEEGARS, | No. C 12-03275 CW (PR) |
| Petitioner, | ORDER GRANTING MOTION TO DISMISS |
| v. | Doc. no. 10 |
| KEVIN CHAPPELL, Warden, | |
| Respondent. | |

    Petitioner, a state prisoner proceeding <u>pro se</u>, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state criminal conviction. On December 4, 2012, the Court ordered Respondent to show cause why the petition should not be granted. Doc. no. 4. On June 4, 2013, in lieu of an answer, Respondent filed a motion to dismiss the petition as untimely and as procedurally defaulted. Doc. no. 10. Petitioner has not filed an opposition. For the reasons stated below, the Court GRANTS Respondent's motion to dismiss.

<u>BACKGROUND</u>

    In 1989, a jury convicted Petitioner of second degree robbery, attempted rape, false imprisonment, six counts of oral copulation, and penetration with a foreign object. Ex. 1, State

1

Abstract of Judgment. On May 3, 1989, the Santa Clara County Superior Court sentenced Petitioner to fifty-four years in state prison. Id. Petitioner did not appeal the judgment.

On March 9, 2001, Petitioner filed a petition for a writ of habeas corpus in the Santa Clara County Superior Court. Ex. 2. Petitioner alleged that he was denied an appeal because his trial counsel advised him that she would file a notice of appeal, but failed to do so. Id. at 10.[1] Petitioner also claimed that his twelve-year delay in filing the claim was due to a psychiatric illness from which he did not recover until 1994. Id. at 7-8. The superior court issued an order to show cause and held an evidentiary hearing. Exs. 3 and 4. On September 26, 2003, following the evidentiary hearing, the court issued an order concluding that Petitioner had not met his burden of proving justification for his delay in seeking habeas relief or his request to trial counsel to file a notice of appeal. Ex. 4 at 63-67.

On December 28, 2005, Petitioner filed a habeas petition with the California Supreme Court, alleging that he was denied his right to appeal. Ex. 5. The Court issued an order to show cause for the Director of the Department of Corrections and Rehabilitation to demonstrate why Petitioner was not entitled to the preparation of a free transcript of the habeas evidentiary hearing and denied the petition in all other respects, without

---

[1] Respondent's exhibits do not contain page numbers. Therefore, the Court refers to the page numbers that appear on the Court's electronic case filing system.

prejudice to filing another petition raising the same claims. Ex. 6.

On February 5, 2007, Petitioner filed a second habeas petition in the Santa Clara Superior Court, seeking relief based on Cunningham v. California, 549 U.S. 270 (2007).[2] Ex. 7 at 12. On March 1, 2007, the Superior Court denied relief on the ground that Cunningham could not be applied retroactively. Id. On April 5, 2007, Petitioner filed another habeas petition in the California Supreme Court, case number S151564, where he argued that Cunningham did apply to him. Ex. 7 at 6. On May 9, 2007, the California Supreme Court denied the petition. Ex. 7 at 5.

Petitioner filed another petition in the Santa Clara Superior Court, also alleging that Cunningham applied to him. Ex. 8. On September 8, 2011, the Superior Court denied the petition. Ex. 8 at 32. On November 9, 2011, Petitioner filed another petition in the California Supreme Court, again arguing that Cunningham applied to his case. Ex. 8 at 22. On April 11, 2012, the California Supreme Court summarily denied the petition, citing In re Robbins, 18 Cal. 4th 770, 780 (1998), In re Clark, 5 Cal. 4th 750, 767-69 (1993), and In re Miller, 17 Cal. 2d 734, 735 (1941).

On June 25, 2012, Petitioner filed the instant federal petition, raising one claim based on a violation of Cunningham.

---

[2] Cunningham held that California's determinate sentencing law (DSL) violated a defendant's Sixth Amendment right to a trial by jury because it assigned to the judge, not the jury, authority to find the facts that exposed a defendant to an upper term sentence. Cunningham, 549 U.S. at 274.

3

DISCUSSION

I. Motion to Dismiss Based on Statute Of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. The purpose of the statute is to "encourage prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." Carey v. Saffold, 536 U.S. 214, 226 (2002). Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The one-year period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). If a petitioner does not file a petition for a writ of certiorari in the United States Supreme Court, the limitations period will begin running against him the day after the date on which the time to file such a petition expired. Gonzalez v. Thaler, 132 S. Ct. 641, 653-654 (2012). Here,

4

Petitioner's conviction became final in 1989, before AEDPA was enacted. However, he was entitled to a one-year grace period; thus, the statute commenced to run on Aril 24, 1996, the day AEDPA took effect, and expired one year later, on April 24, 1997. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (holding that AEDPA's one-year grace period for challenging convictions finalized before AEDPA's enactment ends on April 24, 1997, in the absence of tolling). Therefore, in the absence of tolling, Petitioner's petition was filed fifteen years late.

### 1. Statutory Tolling

The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, Petitioner's state habeas cases did not toll the limitations period because the earliest one was filed in 2001, after the limitations period had expired. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (AEDPA does not permit the reinitiation of the limitations period that has ended before the state petition is filed). Therefore, Petitioner is not entitled to statutory tolling.

### 2. Application of 28 U.S.C. § 2244(d)(1)(C)

Respondent argues that the petition also is untimely under 28 U.S.C. § 2244(d)(1)(C). Under 28 U.S.C. § 2244(d)(1)(C), the limitations period commences on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the

5

Supreme court and made retroactively applicable to cases on collateral review."

The Ninth Circuit has held that Cunningham did not establish a newly recognized right, but rather the holding of Cunningham was dictated by the Supreme Court's ruling in Blakely v. Washington, 542 U.S. 296 (2004).  Butler v. Curry, 528 F.3d 624, 628, 636 (9th Cir. 2008).  In Butler, the Ninth Circuit held that, because Cunningham did not announce a new rule of law, it could be applied retroactively.  Id. at 634-39.  However, the Supreme Court has held that AEDPA's one-year limitations period begins to run on the date on which the Court recognized the new right being asserted, not the date on which that right was made retroactive.  Abel v. Director, Cal. Dep't of Corr., 2013 U.S. Dist. LEXIS 43819, 16-18 (N.D. Cal.)(citing Dodd v. United States, 545 U.S. 353, 357 (2005)).  Thus, the limitations period applicable to Petitioner under § 2244 (d)(1)(C) began to run when Blakely was decided, in 2004.  Id.

Petitioner filed his first state petition challenging his sentence on Sixth Amendment grounds under Cunningham in 2007.  Because he delayed three years after Blakely was decided to commence his Sixth Amendment challenge in state court, his claim is still untimely and must be dismissed.  See Simpson v. Evans, 525 Fed. App'x 535, 537 (9th Cir. 2013) (Cunningham claim was untimely because petitioner waited more than one year after Blakely was decided before seeking relief).

       3. Equitable Tolling

In his petition, Petitioner argues that he is entitled to equitable tolling because he was prevented from raising the Sixth

6

Amendment claim until Cunningham announced that the Blakely rule was retroactive. However, this is the same argument that was rejected above. Petitioner does not argue that some other extraordinary circumstances prevented his timely filing. See Holland v. Florida, 130 S. Ct. 2549, 2560 (2010)(petitioner entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing). Thus, Petitioner is not entitled to equitable tolling.

Because Petitioner filed his federal habeas petition more than fifteen years after the expiration of the statute of limitations, his petition is untimely. Respondent's motion to dismiss based on untimeliness is GRANTED.

Because the motion is granted on the ground that the petition is untimely, the Court need not address whether the petition is procedurally defaulted, Respondent's alternate ground for dismissal.

II. Certificate of Appealability

The Court finds that no certificate of appealability (COA) is warranted in this case. "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a

valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484.  As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Id. at 485.

For the reasons discussed in this Order, Petitioner has not shown that jurists of reason would find it debatable whether the Court is correct in its procedural ruling that the petition is untimely.  Accordingly, a COA is DENIED.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Respondent's motion to dismiss is GRANTED.  Doc. no. 10. The Clerk of the Court shall enter judgment in favor of Respondent and close the file.

2. A certificate of appealability is DENIED.

IT IS SO ORDERED.

Dated: 1/14/2014

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE